NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AMERICAN LEGION POST 62; AMERICAN LEGION POST 105;
VETERANS OF FOREIGN WARS POST 1433; AMERICAN LEGION
POST 1; VETERANS OF FOREIGN WARS POST 1796, *Plaintiffs/Appellants*,

*v.*

ARIZONA DEPARTMENT OF GAMING, *Defendant/Appellee*.

No. 1 CA-CV 15-0606
FILED 10-25-2016

Appeal from the Superior Court in Maricopa County
No. CV2015-006992
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Laman Law Office PLLC, Phoenix
By Charley L. Laman
*Co-Counsel for Plaintiffs/Appellants*

Brian A. Hatch PLLC, Scottsdale
By Brian A. Hatch
*Co-Counsel for Plaintiffs/Appellants*

Arizona Attorney General's Office, Phoenix
By Roger L. Banan
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

¶1 Appellants American Legion Posts 1, 62, and 105 and Veterans of Foreign Wars Posts 1433 and 1796 (collectively "Appellants") challenge the superior court's decision granting judgment on the pleadings to the Arizona Department of Gaming ("Gaming"). The superior court found Appellants' raffle fundraisers, as described in their complaint, constituted illegal gambling. We affirm for the reasons set forth below.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 Because the superior court granted judgment on the pleadings, we state the well-pleaded facts from Appellants' complaint below and accept them as true.[1] *Estate of Ethridge v. Recovery Mgmt. Sys., Inc.*, 235 Ariz. 30, 31 n.1 (App. 2014).

¶3 Appellants are tax-exempt organizations under Arizona Revised Statutes ("A.R.S.") § 43-1201(A). As part of their fundraising efforts, Appellants conducted raffle[2] games using "gaming devices, software, tickets and related equipment" provided by third-party vendor

---

[1] Both parties agree the affidavit of Dennis Pogue, attached to Appellants' complaint, is incorporated into the pleadings and is a part of the complaint. *See* Ariz. R. Civ. P. 10(c) ("A copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

[2] We assume, without deciding, that Appellants' fundraisers were in fact "raffles." The term raffle is not defined in A.R.S. § 13-3301, nor is it defined under Arizona's case law. The term is defined in the Arizona lottery regulations as "the selling of numbered tickets, where each ticket has an equal chance of winning a prize in a random drawing held after the completion of all ticket sales." Arizona Administrative Code, section R 19-3-201 (18).

RSG. Appellants paid RSG "on a per raffle ticket basis" up to 50 percent of the revenue generated in each raffle.

¶4　　　　In early 2015, a Gaming agent visited Appellants' locations, instructed them to discontinue their raffles, and threatened to seize the RSG equipment. Appellants discontinued the raffles then sought a declaratory judgment that the raffles were permitted under A.R.S. § 13-3302(B). Gaming moved for judgment on the pleadings, arguing that Appellants' raffles as described in their complaint and their accompanying affidavit did not fall within that statutory exemption. The trial court granted Gaming's motion. Appellants timely appealed.

## DISCUSSION

¶5　　　　A Rule 12(c) motion for judgment on the pleadings tests the sufficiency of the complaint; judgment should be entered for the defendant if the complaint fails to state a claim for relief. *Giles v. Hill Lewis Marce,* 195 Ariz. 358, 359, ¶ 2 (App. 1999). On appeal, we assume the complaint's well-pleaded factual allegations are true but review legal rulings *de novo. Mobile Cmty. Council for Progress, Inc. v. Brock,* 211 Ariz. 196, 198, ¶ 5 (App. 2005).

¶6　　　　The parties agree that Appellants' raffles constitute gambling under A.R.S. § 13-3301(4). The parties also agree that Appellants may lawfully conduct gambling if it falls within A.R.S. § 13-3302(B), which provides, in relevant part:

> An organization that has qualified for an exemption from taxation of income under section 43-1201 . . . may conduct a raffle that is subject to the following restrictions:
>
> > 1.　　The nonprofit organization shall maintain this status and no member, director, officer, employee or agent of the nonprofit organization may receive any direct or indirect pecuniary benefit other than being able to participate in the raffle on a basis equal to all other participants.
> >
> > 2.　　The nonprofit organization has been in existence continuously in this state for a five year period immediately before conducting the raffle.
> >
> > 3.　　No person except a bona fide local member of the sponsoring organization may participate directly

> or indirectly in the management, sales or operation of
> the raffle.

A.R.S. § 13-3302(B)(1)-(3). Appellants contend they sufficiently alleged that their raffles met all of these requirements. We disagree.

## I. Appellants' Conclusory Allegations of Compliance Are Not Entitled to Deference.

¶7 Appellants first cite their allegations that "[n]o member, director, officer agent or employee . . . receives a pecuniary benefit other than participation in [the] raffles" and that "[o]nly [Appellants], its [sic] members and officers are solely involved in the management, operation or sales of the raffle." These allegations simply parrot the language of § 13-3302(B) quoted above; such "conclusory statements are insufficient to state a claim upon which relief can be granted," because "a complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

## II. Appellants' Arrangement with RSG Violated § 13-3302(B)(3).

¶8 Appellants next contend the trial court erred in interpreting § 13-3302(B)(1), (3) and (4). We review statutory interpretation questions *de novo. Halt v. Gama ex rel. Cty. of Maricopa*, 238 Ariz. 352, 354, ¶ 9 (App. 2015). Because we conclude Appellants' raffles did not comply with A.R.S. § 13-3302(B)(3), and the trial court relied upon subsection (B)(3) in its ruling, we need not address the parties' arguments regarding subsections (B)(1) and (B)(4).

¶9 We interpreted subsection (B)(3) earlier this year in *Benevolent & Protective Order of Elks No. 2656 v. State Dept. of Liquor Licenses & Control*, 239 Ariz. 121 (App. 2016). In *Benevolent*, we held that "the receipt of lease payments 'based upon a percentage of sales or receipts from conduct of the games' constitutes 'direct or indirect participation in sales or operation of the raffle'" within the meaning of subsection (B)(3). *Id.* at 125, ¶ 26 (quoting 1990 Ariz. Op. Att'y Gen. 57 (1990)). As a result, Appellant's raffles, which involved payments to RSG "based on the number of raffle tickets sold" of up to "50% of the revenue generated by the raffle" do not qualify for a gambling exemption under subsection (B)(3). *See Benevolent*, 239 Ariz. at 125, ¶¶ 26-27 (finding raffle was unlawful in part because vendor "received 55% of the net proceeds").

4

¶10 Appellants contend "[t]he statutes . . . do not make it illegal for an outside company who sells or provides prizes, equipment, printed materials, and the like from so doing, or from making a profit in so doing." We agree that subsection (B)(3) does not bar all such arrangements. However, it does bar arrangements like the raffles in this case where payment is "based upon a percentage of sales or receipts from conduct of the games." *Id.* at 125, ¶ 26.

## CONCLUSION

¶11 We affirm the trial court's ruling granting judgment on the pleadings to Gaming. We also award Gaming its taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA